UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:14-CV-127-GNS-HBB

LINDSAY ANN BROOKS                                                                              PLAINTIFF

v.

BRETT A. PITCHFORD                                                                             DEFENDANT

**MEMORANDUM OPINION & ORDER**

Before the Court is the Defendant's Motion to Dismiss. Fully briefed, the matter is ripe for adjudication. Under the standards of Fed. R. Civ. P. 12(b)(6), the Court finds Plaintiff has failed to state a claim. For the reasons outlined below, the motion to dismiss (DN 8) is **GRANTED**.

I.    **STATEMENT OF FACTS AND CLAIMS**

Plaintiff was cited for the underage possession of alcohol on September 8, 2013. She claims the events leading up to this citation amount to excessive force in violation of her constitutional rights. She brings a claim pursuant to 42 U.S.C. § 1983.

The following facts are taken as true for the purposes of this motion and are summarized from the Second Amended Complaint. (2nd Am. Compl., DN 17). On September 8, 2013, Plaintiff Lindsay Ann Brooks ("Brooks")—an eighteen-year-old—and a group of friends were stopped by Officer Brett A. Pitchford ("Pitchford") of the Kentucky Department of Alcohol and Beverage Control in a fast-food restaurant parking lot on the suspicion of carrying alcoholic drinks. After she appeared to be unresponsive to the officer's questions, Brooks was handcuffed and seated on the asphalt parking lot. Background noise and a long-standing hearing deficit made her unable to hear Pitchford's questions. Brooks alleges Pitchford verbally ridiculed her hearing condition and contends his actions constitute excessive force.

1

## II. JURISDICTION

The Court has federal question jurisdiction under 28 U.S.C. § 1331.

## III. STANDARD

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citation omitted). Accordingly, a motion to dismiss for failure to state a claim should only be granted where plaintiffs could "allege no set of facts which entitle them to legal relief." *Id.*

## IV. DISCUSSION

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons against unreasonable seizures shall not be violated." U.S. Const. amend. IV. Seizures occur when "a reasonable person would not feel free to leave an encounter with police." *Bennett v. City of Eastpointe*, 410 F.3d 810, 834 (6th Cir. 2005). Seizures are a regular part of police work. "[T]he Constitution forbids . . . not all searches and seizures, but unreasonable searches and seizures." *Terry v. Ohio*, 392 U.S. 1, 9 (1968). The Fourth Amendment's protections have been incorporated through the Fourteenth Amendment to apply to the States. *Wolf v. Colorado*, 338 U.S. 25 (1949).[1]

"[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "[T]he seizure that occurs when a person is arrested continues throughout the time the

---

[1] There was some confusion in the briefs concerning whether the claims included Fourth Amendment violations, Fourteenth Amendment violations, or both. This opinion construes the Second Amended Complaint to include only a Fourth Amendment claim, though the viability of a Fourteenth Amendment due process claim is addressed briefly below.

2

person remains in the custody of the arresting officers." *McDowell v. Rogers*, 863 F.2d 1302, 1306 (6th Cir.1988) (citation omitted). While the police are necessarily authorized to use some amount of force in the course of an arrest, excessive force violates the reasonableness standard. *Graham*, 490 U.S. at 396. In excessive force claims, courts must decide whether an "officer's actions, in light of the totality of the circumstances, were objectively reasonable." *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (citing *Graham*, 490 U.S. at 396-97).

Actions taken by Pitchford, as the arresting officer, are governed under Fourth Amendment law. Brooks contends the force used—handcuffs and verbal ridiculing—was excessive under the circumstances. She notes her (i) consent to restricted liberty; (ii) truthful answers to questions about the beverages carried; (iii) lack of any attempt to flee; (iv) lack of violent behavior towards police; (v) "respectful courtesy"; and (vi) submission to breathalyzer tests. (2nd Am. Compl. ¶ 8). Brooks argues that Pitchford did not subjectively perceive her or her companions to be a threat. (2nd Am. Compl. ¶ 9).

"[W]hen there is no allegation of physical injury, the handcuffing of an individual incident to a lawful arrest is insufficient as a matter of law to state a claim of excessive force under the Fourth Amendment." *Neague v. Cynkar*, 258 F.3d 504, 508 (6th Cir. 2001). Nonetheless, "[t]he Fourth Amendment prohibits unduly tight or excessively forceful handcuffing during the course of a seizure." *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009) (citation omitted). Under the totality of the circumstances standard, "the law does require that the force used be more than the mere technical battery that is inextricably a part of any arrest . . . ." *Roberts v. Louisville/Jefferson Cnty. Metro Gov't*, No. 06-133-C, 2007 WL 2025211, at *6 (W.D. Ky. July 9, 2007) (citations omitted). Some courts have noted, however, that when "handcuffing is accompanied by physical or verbal abuse, or malicious and

3

willful infliction of injury, that might be indicative that [the] conduct was excessive." *Id.* (citation omitted).

As Brooks conceded in her reply to the motion do amend, she has not alleged that the arrest was unlawful. (Reply to Mot. to Amend 2 n.3, DN 14). While Brooks claims the handcuffing resulted in unnecessary pain, humiliation, and embarrassment, she does not allege a physical injury. (2nd Am. Compl. ¶ 12). She has also not alleged that she required medical attention. Brooks makes two allegations that might, under different circumstances, contribute to a finding of the use of excessive force. (2nd Am. Compl. ¶ 10). Construed as a whole, however, she has not alleged a claim of excessive force as neither tight handcuffs nor verbal abuse exceed permissible force in this case.

"The Supreme Court has provided three factors for courts to consider in evaluating an excessive force claim: the severity of the crime, whether the suspect posed an immediate threat to the safety of officers or others, and whether the suspect actively resisted arrest or attempted to evade arrest by flight." *Miller*, 606 F.3d at 253 (citing *Graham*, 490 U.S. at 396). While Pitchford may have viewed Brooks' unresponsiveness to his questions as insubordinate, none of these factors justify the application of significant force. There is no allegation, however, that significant force aside from handcuffs were used to control Brooks while her companions were questioned.

"Not all allegations of tight handcuffing . . . amount to excessive force. In order to reach a jury on this claim, the plaintiff must allege some physical injury from the handcuffing, and must show that officers ignored plaintiff's complaints that the handcuffs were too tight . . . ." *Lyons v. City of Xenia*, 417 F.3d 565, 575-76 (6th Cir. 2005) (internal citation omitted). Brooks has alleged no physical injury—notwithstanding her allegation that she "cried out in pain" upon

4

handcuffing. (2nd Am. Compl. ¶ 10). While Brooks does not contend that she complained about overly tight handcuffs, or that those complaints were ignored, she is explicit in the damage the "shackling" caused. (2nd Am. Compl. ¶ 12). Her claimed injuries of unnecessary physical pain, humiliation, and embarrassment, however, fail to state the physical injury required for a claim of excessive force.

Proving Fourth Amendment violations does not require the offensive contact to leave "excessive marks or cause extensive physical damage." *Ingram v. City of Columbus*, 185 F.3d 579, 597 (6th Cir. 1999). In Fourth Amendment claims, courts consider "not the extent of the injury inflicted but whether an officer subjects a detainee to 'gratuitous violence.'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 252 (6th Cir. 2010) (internal quotation marks omitted) (citation omitted). Brooks alleges only tight handcuffs and being seated on the parking lot, neither of which amount to gratuitous violence. Absent both gratuitous violence and injury, tight handcuffing does not amount to excessive force. *Cf. Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1048 (6th Cir. 1996) (violently removing wedding ring causing intense pain could constitute excessive force despite no lasting injury).

Under a totality of the circumstances test, verbal abuse may constitute part of a series of conduct that constitutes excessive force. But "verbal abuse alone does not rise to the level of a constitutional violation." *Schrader v. Patrick*, 181 F.3d 103, 1999 WL 266252, at *3 (6th Cir. Apr. 22, 1999) (table opinion) (citation omitted). Further, verbal abuse alone does not convert reasonable force into excessive force. *See Williams v. Sandel*, 433 F. App'x 353, 362 (6th Cir. 2011) (quoting *Hudson v. Goob*, No. 07-1115, 2009 WL 789924, at *12 (W.D. Pa. Mar 24, 2009) ("The Rule is that if the physical force used is not itself excessive, i.e., is reasonable, then merely adding verbal threats or racial epithets cannot transform an otherwise non excessive use

5

of force into an unconstitutional use of excessive force."). Therefore, because the force Pitchford used was not excessive, Brooks's allegations of verbal ridicule are legally insufficient to escalate the force used from reasonable to excessive. *See also O'Connell ex rel. O'Connell v. Louisville Metro Police Dep't*, No. CIV.A.3:03CV589-H, 2006 WL 561240, at *3 (W.D. Ky. Mar. 3, 2006) ("Neither vulgar language nor handcuffing incident to an arrest implicate a deprivation of a constitutional right and Plaintiff's claim that his Fourth Amendment rights were violated should be dismissed as a matter of law.").

 Brooks claims "any unjustified use of restraints is a constitutional violation." (Reply to Mot. to Amend 7). Precedent does not support this assertion. Brooks attempts to bolster this claim by citing Fourteenth Amendment cases prohibiting punishment of detainees without a legitimate government purpose. First, the pre-trial detainees at issue in Fourteenth Amendment cases are not analogous to police officers effecting an arrest. The responsibilities of and threats to police in bringing a suspect into custody differ from those presented once a suspect is in custody. "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' [of the Fourteenth Amendment] must be the guide for analyzing these claims." *Graham*, 490 U.S. at 395. Second, police officers making a lawful arrest are necessarily serving a government objective other than punishment. Thus, superimposing the "legitimate government purpose" component of Fourteenth Amendment violations onto Fourth Amendment claims would have little practical effect. Assuming a lawful arrest is being made, a "legitimate government purpose" is necessarily present. *See Bell v. Wolfish*, 441 U.S. 520, 540 (1979). Therefore, whether or not Pitchford's use of force in applying

handcuffs to Brooks was excessive, it served the government purpose of conducting a lawful arrest.

Brooks finally argues that handcuffing is a punitive measure that may violate her due process rights, but this also fails. Brooks specifically only alleged a claim of excessive force in her complaint. In her reply to the motion to amend, Brooks concedes the applicability of the "continuing seizure rule" where the conduct of arresting officers towards arrestees is judged under the Fourth Amendment so long as the arresting officers maintain custody. (Reply to Mot. to Amend 4, DN 14). Whether Pitchford's motivations in handcuffing Brooks were punitive are irrelevant under the Fourth Amendment's "objective reasonableness" standard. *See Graham*, 490 U.S. at 399 ("[S]ubjective concepts like 'malice' and 'sadism' have no proper place in [the objective reasonableness] inquiry."). Consideration of an officer's motivations in making an arrest would necessarily convert the inquiry into a subjective test—clearly the opposite of the correct standard in these cases. *Id.* at 398.

For these reasons, the allegations in the Second Amended Complaint are insufficient to state a claim that Pitchford's actions violated the objective reasonableness standard. Consequently, Brooks has failed to state a claim.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 8) is **GRANTED**, and all claims asserted in this action are dismissed **WITHOUT PREJUDICE**.

Greg N. Stivers, Judge
United States District Court

June 1, 2015

cc: counsel of record